UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Courtney Mares,<br><br>            Plaintiff,<br><br>v.<br><br>CHULA VISTA ELEMENTARY<br>SCHOOL DISTRICT<br><br>            Defendants. | Civil No.07CV1321 JAH (LSP)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR SANCTIONS**<br>[Doc. No. 2] |

## BACKGROUND

On June 29, 2007, Jill Mares, Plaintiff's parent[1], filed a petition for compromise of a disputed claim in the Superior Court of California, San Diego County requesting court approval of a compromise settlement reached with Chula Vista Elementary School District. The petition alleged that an action in the Office of Administrative Hearings, Special Education Division would be compromised without a trial on the merits of the claim. Complaint at 2. The original claim involved Plaintiff's academic school year 2006 through 2007. Chula Vista Elementary School District agreed to pay $19,814.21 for private educational expenses resulting from Defendant's failure to provide a free appropriate public education in violation of the Individuals with Disabilities Education Act ("IDEA"). Complaint at 5, 6.

---

[1] Jill Mares filed the petition on behalf of Courtney Mares in the Superior Court. When the action was removed, Defendant listed the plaintiff as the minor child.

On July 20, 2007, Defendant removed the action to this court. Plaintiff filed the pending motion for remand on July 27, 2007, along with a request to expedite the motion. The Court granted the request, set a shortened briefing schedule and vacated the original hearing date. Defendant filed an opposition to the motion for remand on August 10, 2007. Plaintiff filed a reply on August 13, 2007. After a thorough review of the parties' submissions and for the reasons discussed below, the Court GRANTS the motion for remand.

## DISCUSSION

Plaintiff seeks remand of this action arguing the petition is not a civil action subject to removal jurisdiction, there is no live case or controversy pending, Defendant cannot base removal jurisdiction on an anticipated defense, the relief sought by the petition is equitable and declaratory in nature and the Court should remand under the Doctrine of Abstention. Plaintiff also requests sanctions.

Defendant argues the action was properly removed because it is based upon claims, injuries and an agreement for services which arise under the Federal Individuals with Disabilities Act. Defendant further argues the request for sanctions should be denied.

**I. Remand**

**A. Legal Standard**

The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94 - 95 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. (quoting Ex parte McCardle, 74 U.S. 506, 514 (1868)). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action

can only be removed if it could have originally been brought in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. See Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27 - 28 (1983). The plaintiff is the master of the claim, and federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint. See Caterpillar, 482 U.S. at 392. The Court determines its jurisdiction from the complaint as it existed at the time of removal, not as subsequently amended. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979). Further, removal cannot be based on a counterclaim. Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985).

The defendant has the burden of establishing that removal is proper and supporting its jurisdictional allegations with competent proof. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990). In addition, the defendant must file a timely notice of removal. 28 U.S.C. § 1446(b). The notice of removal must be filed within 30 days after receipt of a copy of the initial pleading if removability can be determined from its text. Id.

**B. Analysis**

Defendant maintains the action was properly removed, because it arises under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400, *et. seq.*, a federal statute. Defendant argues the petition to approve compromise and the underlying compromise "necessarily depend on the federal IDEA." Opposition at 2.

To properly fall within the jurisdiction of the district court, the federal law must be a direct and essential element of the plaintiff's cause of action. Smith v. Grimm 534 F.2d 1346, 1350 (9th cir. 1976) (citing Gully v. First National Bank in Meridian, 299 U.S. 109 (1936)). "[T]he resolution of the federal question must play a significant role in the proceedings." Hunter v. United Van Lines, 746 F.2d 635, 646 (9th Cir. 1984). The

petition at issue is a form used in Superior Court for petitions to approve a compromise or disputed claims or actions, or disposition of proceeds of a judgment involving a minor or adult with a disability.  A review of the petition demonstrates the incident which gave rise to the petition for compromise involved the federal IDEA.  The IDEA, however is not an "essential" element of the cause of action.  The petition seeks approval of the settlement and the settlement terms.  Approval of the settlement will not involve the resolution of an issue involving the IDEA.

Additionally, the Court is not persuaded by Defendant's argument that the discussion of attorney fees in the petition demonstrates federal law is an essential element of the action.  In response to an inquiry on the form regarding the existence of a fee agreement between the petitioner and the attorney, the petition reads

> The fee agreement calls for deferred payment.  Fees are accrued and payable, however, payment is deferred in the event that Petitioner is the prevailing party in a Due Process Complaint, either by decision after hearing or settlement and approval of minor's compromises, in which case Petitioner can be awarded reasonable attorney fees against Respondent pursuant to 20 U.S.C. 1415(i)(B)(I).

Complaint at 4.  By this language, Defendant maintains Plaintiff has "necessarily invoked federal jurisdiction" because she reserves her right to attorney fees under the IDEA.  However, a review of the petition clearly demonstrates Petitioner is not seeking attorney fees in the current proceedings.  The petition has "0" in the section of the petition where Petitioner is required to include her prayer for attorney fees.  Complaint at 5.  Resolution of the pending action will not involve attorney fees under 20 U.S.C. § 1415(i)(B)(I). Defendant seems to suggest the Court has jurisdiction to hear this matter, because the plaintiff may decide, sometime in the future, to seek attorney fees.   However, Defendant provides no authority for its suggestion that the Court has federal question jurisdiction over an action based upon the chance the plaintiff may seek relief under a federal statute in some future cause of action.

The petition pending before the Court does not involve federal law.  Accordingly, the Court lacks jurisdiction over the proceedings and the matter must be remanded to

state court.

**II.  Sanctions**

Plaintiff argues Defendant removed the petition to unnecessarily delay and cause an increase in litigation costs and to harass Plaintiff, and seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c).  She seeks sanctions in the amount of $8,750.00 for attorney fees incurred in preparing the motion for remand and $3,986.46, 10 % per annum interest on the $39,250.00 and the $41,710.00 Defendant currently owes Plaintiff for a previous settlement not part of the pending action.[2]  Plaintiff further seeks an order to show cause why Defendant should not be ordered to pay double attorney fees.

Defendant argues the request for sanctions should be denied, because it removed the action in good faith and Plaintiff failed to file the request as a separate motion as required.  Defendant further argues the request for sanctions is excessive.  In reply, Plaintiff concedes she did not file a separate motion for Rule 11 sanctions, but maintains her attorney fees request is reasonable and she should be awarded $8,925 for bringing the motion and for her work on the reply under 28 U.S.C. § 1447.

Pursuant to Federal Rule of Civil Procedure 11, "[e]very pleading, written motion and other paper shall be signed by at least one attorney of record ... or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a).  Rule 11(b) imposes a duty on attorneys or unrepresented parties, to certify by their signature that:  (1) they have read the pleadings or motions they filed; (2) the pleading or motion is "not being presented for any improper purpose, such as to harass or to cause unnecessary dely or needless increase in the cost of litigation;" and (3) is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of

---

[2]On May 11, 2006, the parties entered into a settlement agreement of each parties' Administrative Due Process complaints filed in fall 2005.  In exchange for $39,250.00 and the dismissal of the District's complaint, Plaintiff agreed to dismiss her complaint and waive any prior claims for compensatory education and attorney fees.  See Dowd Decl. ¶¶ 9 - 11.  On or about March 6, 2007, the parties entered a new settlement agreement in which the District admitted they failed to pay the $39,250.00 in a timely fashion.  Defendant agreed to pay $41,710.00 , $39,250.00 plus additional fees and costs, no later than May 25, 2007.  Id. ¶ 16.  The settlement proceeds have not been paid.  Id. ¶ 15, 17.

existing law or the establishment of new law." Fed. R. Civ. P. 11(b); <u>Smith v. Ricks</u>, 31 F.3d 1478, 1488 (9th Cir. 1994). Rule 11 requires a request for sanctions be made by a separate motion. Fed. R. Civ. P. 11(c)(1)(A). Plaintiff's request for sanctions was included in her motion for remand and is, therefore, procedurally insufficient. Accordingly, the Court declines to award sanctions in the form of attorney fees or double attorney fees under Rule 11.

The Court, however, has the discretion to award attorney fees and costs under 28 U.S.C. § 1447(c) without a finding of bad faith and improper purpose. <u>See</u> <u>Moore v. Permanente Medical Group, Inc.</u>, 981 F.2d 443, 448 (9th Cir. 1992). Plaintiff demonstrates Defendant has engaged in delaying tactics including removing this matter three days before it was set to be heard by the Superior Court.[3] The petition seeks approval of the settlement of $19,814.21 and does not involve the resolution of federal law. Furthermore, Defendant does not seem to dispute this amount of the settlement as it remitted a check to counsel for that amount on June 30, 2007. Plaintiff asserts the delay in approving the minor's compromise delays disbursement of the funds and she is without the funds to enroll in school this fall. <u>See</u> Dowd Decl. ¶ 38. The Court finds it appropriate to grant attorney fees incurred in bringing this motion for remand.

Plaintiff's counsel maintains she spent 25 hours preparing the motion and an additional half hour preparing the reply, and her fees are $350 per hour. <u>Id.</u> ¶ 48. Plaintiff argues $350 an hour for a lawyer with 25 years of experience who is admitted in three jurisdictions is appropriate and seeks $8,925 for bringing this motion. Defendant argues the amount is excessive, because there is no evidence the amount is appropriate or that it will serve to deter undesirable behavior. The Court finds the request for $8,925 reasonable.

**III. Redaction**

In her reply, Plaintiff asks the Court to order all pleadings be redacted and refiled

---

[3]Plaintiff's counsel provides a detailed declaration demonstrating the history of delays in providing Plaintiff with free appropriate public education and distributing settlement funds. <u>See</u> Dowd Decl.

as "CM" without discussion. The request is denied.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's motion for remand is **GRANTED**;
2. Plaintiff's request for sanctions is under Rule 11 is **DENIED**;
3. Plaintiff's request for sanctions under 28 U.S.C. § 1447(c) is **GRANTED**. Plaintiff shall recover from Defendant her reasonably incurred attorney fees in the amount of $8,925; and
4. Plaintiff's request to redact the minor's name from the pleadings is **DENIED**.

DATED: August 17, 2007

_____
HON. JOHN A. HOUSTON
United States District Judge